IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERC PROPERTIES, INC.; NHS/ERC HOUSING
COMPANY L.L.C.; CHAPEL RIDGE OF EMPORIA, LLC;
CHAPEL RIDGE OF LITTLE ROCK, LLC; ALFDC/ERC
HOUSING COMPANY; CARD/ERC HOUSING
COMPANY, LLC; ERC PARTNERS OF ARKANSAS,
LLC; CHAPEL RIDGE OF TEXARKANA, LLC; BIG
FIVE/ERC HOUSING COMPANY, LLC; ERC PARTNERS
OF OKLAHOMA, LLC; SALINA PROPERTIES, A KANSAS
LIMITED PARTNERSHIP; SALINA PROPERTIES II, A
KANSAS LIMITED PARTNERSHIP; PAULS VALLEY
HOUSING ASSOCIATES, AN OKLAHOMA LIMITED
PARTNERSHIP; EDMOND HOUSING ASSOCIATES, AN
OKLAHOMA LIMITED PARTNERSHIP; BRISTOW
ASSOCIATES, A LIMITED PARTNERSHIP; EMPORIA
HOUSING, A KANSAS LIMITED PARTNERSHIP;
TEXARKANA HOUSING ASSOCIATES LIMITED
PARTNERSHIP; HAYSVILLE HOUSING ASSOCIATES
LIMITED PARTNERSHIP; LITTLE ROCK HOUSING
ASSOCIATES LIMITED PARTNERSHIP; SEMINOLE
HOUSING ASSOCIATES LIMITED PARTNERSHIP;
FORREST CITY HOUSING ASSOCIATES LIMITED
PARTNERSHIP; STILLWATER HOUSING ASSOCIATES
LIMITED PARTNERSHIP; CLARKSVILLE HOUSING
ASSOCIATES LIMITED PARTNERSHIP; SOUTHEAST
ARKANSAS HOUSING ASSOCIATES LIMITED
PARTNERSHIP; DURANT HOUSING ASSOCIATES
LIMITED PARTNERSHIP; FORREST CITY HOUSING
ASSOCIATES LIMITED PARTNERSHIP; TEXARKANA
HOUSING ASSOCIATES II LIMITED PARTNERSHIP;
and NORMAN HOUSING ASSOCIATES III LIMITED
PARTNERSHIP                                                                                         PLAINTIFFS

v.                                    Case No. 2:15-CV-02117

CENTERLINE CORPORATE PARTNERS IV LP; RELATED
CORPORATE SLP, L.P.; CENTERLINE CORPORATE
PARTNERS VIII LP; RELATED CORPORATE VIII SLP,
L.P.; CENTERLINE CORPORATE PARTNERS IX LP;
RELATED CORPORATE IX SLP, L.P.; CENTERLINE

CORPORATE PARTNERS XIV LP; RELATED CORPORATE
XIV SLP, L.P.; CENTERLINE CORPORATE PARTNERS XI
LP; RELATED CORPORATE XI SLP, L.P.; CENTERLINE
CORPORATE PARTNERS XII LP; RELATED CORPORATE
XII SLP, L.P.; CENTERLINE HOUSING PARTNERSHIP I
LP – SERIES 2; RCHP SLP I L.P. – SERIES 2; CENTERLINE
CORPORATE PARTNERS XIX LP; RELATED CORPORATE
XIX SLP, L.P.; CENTERLINE HOUSING PARTNERSHIP I
LP – SERIES 3; RCHP SLP I, L.P. – SERIES 3; CENTERLINE
CORPORATE PARTNERS XXII LP; RELATED CORPORATE
XXII SLP, L.P.; CENTERLINE CORPORATE PARTNERS
XXV LP; RELATED CORPORATE XXV SLP, L.P.;
CENTERLINE CORPORATE PARTNERS XXIV LP; and
RELATED CORPORATE XXIV SLP, L.P.                                                          DEFENDANTS

## ORDER OF REMAND

The Court, having preliminarily reviewed the pleadings in this case, entered an order directing Defendants to supplement their jurisdictional allegations. (Doc. 19). The Court also encouraged Plaintiffs to provide supplemental information as to their own citizenship. Both sides responded. (Docs. 20, 22). Having reviewed the supplements, the Court finds, in short, that this case must be remanded to the Sebastian County Circuit Court.

The Court advised Defendants that the notice of removal did not adequately set out the citizenship of Plaintiffs and Defendants. Defendants were advised that citizenship of the members of each unincorporated party should be pleaded with specificity and not in a conclusory fashion. The Court required "a record that establishes who the members of the parties are and where they are located, to a degree of specificity that would enable the opposing party to respond to the allegations and would allow the Court to make a finding as to whether jurisdiction can be properly exercised." (Doc. 19, pp. 3-4) (citing *Guranty Nat. Title Co., Inc. v. J.E.G. Assoc.*, 101 F.3d 57 (7th Cir. 1996) (on appeal, dismissing case for lack of jurisdiction due to lack of specificity in jurisdictional

allegations)). Defendants were specifically admonished that, "as they are the [parties] seeking jurisdiction in this Court . . .no claims of concerns of confidentiality will be entertained." *Id*. at p. 4 (citing *Belleville Catering Co. v. Champaign Market Place L.L.C.*, 350 F.3d 691, 694 (7th Cir. 2003) ("[N]o entity that claims confidentiality for its members' identities and citizenship is well situated to assert that it could believe, in good faith, that complete diversity has been established.") and *Edgewood Manor Apartment Homes LLC v. RSUI Indem. Co.*, 2010 WL 2430996 at *4 (E.D. Wisc. June 14, 2010) (rejecting Plaintiff's argument that members of Centerline entities—which were members of Plaintiff LLC—should not be publicly disclosed, stating "the four Centerline entities behind Edgewood Manor have availed themselves of the opportunity to proceed in this court, which is open to the public ordinarily, thus trumping the personal desires of their partners or members to remain private")). Finally, although Plaintiffs were encouraged to supplement the record as to their own citizenship, Defendants were reminded that it remained Defendants' burden to show that jurisdiction could be exercised.

    Plaintiffs promptly responded to the Court's order. Their supplement, however, does not trace membership of the Plaintiff LLC's down the organizational layers as necessary. Rather, citizenship is listed as a legal conclusion set out in parentheses, from which the Court can ascertain no meaningful jurisdictional information. For example, the members of Plaintiff "Chapel Ridge of Emporia, LLC (Kansas)" are listed as follows: "ERC Properties, Inc. (79%) (Arkansas)" and "ARTEX Developers, LLC (21%) (Arkansas)." The members of ARTEX Developers, LLC are not listed, and the Court is unsure what is meant by putting "Arkansas" in parentheses after the name of the entity. This is especially true in light of the fact that the Plaintiff entity in question is listed as an LLC with "Kansas" in parentheses after the name, yet is apparently not alleged to be a citizen

of Kansas. Certainly, the name of a state in parentheses is not indicative of an entity's citizenship—either in Plaintiff's supplement or generally as a matter of grammatical construction or law. *See Guaranty Nat. Title Co.*, 101 F.3d at 59 (wondering at a party's allegation that it was "a Massachusetts limited partnership," stating "A what? . . . There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships."). The allegations as to Plaintiffs' citizenship are not sufficient to allow the Court to determine if Plaintiffs are diverse from Defendants. Defendants, who bear the burden of showing that jurisdiction may be exercised, stood on Plaintiffs' supplement and did nothing to plead Plaintiffs' citizenship with any heightened degree of specificity as required.

Defendants' allegations as to their own citizenship is likewise inadequate. Defendants supplied an affidavit that they would have filed under seal despite the Court's admonition that such information should be public if the parties wished to invoke this Court's jurisdiction. The affidavit would have the Court take the affiant at his word that an adequate investigation was done in ascertaining the citizenship of each member of each Defendant entity. The affidavit then lists the first layer of members for each Plaintiff entity and states the citizenship of each of the first-layer members in a conclusory fashion. This is not sufficient. *See, e.g.*, *Guaranty Nat. Title Co.*, 101 F.3d at 58 ("it is essential to put into the record the name and citizenship of each partner"). Conclosury allegations of citizenship are conclusions of law. *Fifty Associates v. Prudential Ins. Co. of Amer.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("An allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law."). An affidavit holds no more weight as to legal conclusions than would a pleading signed by an attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. Neither may serve as a substitute for an adequate basis

in fact establishing that jurisdiction does, in fact, exist. *See Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (stating "it is generally agreed that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference" (internal quotations omitted)).

The folly of relying on an affiant's or attorney's conclusions of law in regard to jurisdictional allegations is highlighted by the Defendants' own submission. Defendants have moved for the affidavit in support of their supplement to be filed under seal. As this case is going to be remanded, the Court will grant that motion,[1] but will reveal information contained therein as necessary for purposes of this order. The affidavit, signed by Mark B. Hattier, the Chief Financial Officer of an entity called Alden Torch Financial LLC and representative of Centerline Manager LLC, states in relevant part that the Federal Home Loan Mortgage Corporation ("Freddie Mac") is a member of ten of the Defendant entities. Despite Freddie Mac's presence as a partner in these entities, the affidavit concludes that "the Centerline Entities are citizens of Alaska, California, Colorado, Connecticut, Delaware, Illinois, Iowa, Massachusetts, Minnesota, New Jersey, New York, North Carolina, Tennessee, Texas, and Wisconsin." The affidavit fails to add that at least ten of the entities also have a stateless partner—Freddie Mac. This is an important omission, as the presence of that stateless entity destroys any diversity jurisdiction that might otherwise have existed were the parties to be given another opportunity to supplement their jurisdictional allegations—an opportunity that the

---

[1] As the Court has already stated, were this case to proceed in this Court, the motion to seal would be denied and Defendants required to reveal the name and citizenship of each member of each entity down all organizational layers. *See also Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting party's "attempts to keep the identity of its limited partners confidential insofar as possible" stating "[o]bviously . . . the district court must know who they are and where they are citizens and its need for that information will trump [the party's] policies").

Court would in any event decline to allow, given the time-sensitive nature of this action.

Diversity jurisdiction may be exercised in cases involving "citizens of different states." 28 U.S.C. § 1332(a). Therefore, the presence of a "stateless entity" in a case will destroy diversity, as a stateless entity is not a citizen of any state. *Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir. 1974). "If even one of [a party's] members is another unincorporated association, and if that association has one member or partner that is either a stateless person or an entity treated like a stateless person, [the Court] would not have jurisdiction over [the] matter." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184-85 (3d Cir. 2008) ("if a partnership has among its partners [a stateless individual], the partnership cannot sue (or be sued) in federal court based upon diversity jurisdiction"). The presence of Freddie Mac, which Defendants admit "is a federally-chartered corporation and thus not a citizen of any state," as a partner in ten Defendant entities destroys diversity. *See Gladys McCoy Apartments, Ltd. Partnership v. State Farm Fire & Cas. Co.*, 2010 WL 1838941 (D. Ore. Mar. 30, 2010) (Freddie Mac's lack of citizenship rendered entire partnership stateless for purposes of diversity jurisdiction); adopted in full, 2010 WL 1838937; *see also Ware v. JP Morgan Chase Bank, N.A.*, 2013 WL 782881 at *1 n.1 (D. N.H. Mar. 1, 2013) ("Freddie Mac, as a federally-chartered corporation, is not a citizen of any state, and its presence as a party in any case therefore eliminates diversity.").

Because the Defendants failed to plead with adequate specificity the citizenship of all parties, and because in any event, certain Defendant entities have a stateless partner that destroys diversity jurisdiction, and because Defendants plead no other basis for this Court to exercise jurisdiction, IT IS ORDERED that this matter be REMANDED to the Circuit Court of Sebastian County, Arkansas.

IT IS FURTHER ORDERED that Defendants' motion to seal (Doc. 23) is GRANTED. Defendants are directed to file the full declaration of Mark B. Hattier conventionally with the Clerk, and the Clerk is directed to file and maintain the document under seal.

IT IS SO ORDERED this 27th day of July, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE